LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
BRAVEHEART NAVIGATION S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BRAVEHEART NAVIGATION S.A.,                          **ECF CASE**

                              Plaintiff,

        - against -                                  08 Civ. 5680 (JES)

SWISSMARINE CORP. LTD.,

                              Defendant.
-------------------------------------------------------------X

## AMENDED VERIFIED COMPLAINT

        Plaintiff BRAVEHEART NAVIGATION S.A., ("BRAVEHEART"), by its attorneys,

Lyons & Flood, LLP, as and for its Amended Verified Complaint against defendant,

SWISSMARINE CORP. LTD., ("SWISSMARINE"), alleges upon information and belief as

follows:

        1.        This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and the action falls within the Court's subject matter

jurisdiction pursuant to 28 USC §§ 1331 and 1333.  Subject matter jurisdiction also exists

because the action arises under the New York Convention on the Recognition and Enforcement

of Foreign Arbitral Awards at 9 USC § 201 *et seq.* and/or the Federal Arbitration Act, 9 USC § 1

*et seq.*

        2.        At all material times, plaintiff BRAVEHEART was and still is a corporation

organized and existing under the laws of the Marshall Islands, and was the owner of the M/V

CAPE BREEZE ("the Vessel").

3.      Upon information and belief, at all material times, defendant SWISSMARINE was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Hamilton, Bermuda, and was a charterer of the Vessel.

4.      Prior Vessel owner Pearl Navigation Co. ("Pearl") time chartered the Vessel to defendant SWISSMARINE for a period of between twenty-three (23) and twenty-seven (27) months.  The time charter was evidenced by a charter party dated September 19, 2003 (the "Charter Party").

5.      By an agreement drafted and signed in January of 2005 by plaintiff BRAVEHEART, defendant SWISSMARINE and prior owner Pearl, BRAVEHEART purchased the Vessel and all rights and obligations under the Charter Party were transferred to it. SWISSMARINE consented to this transfer.

6.      In breach of the Charter Party, defendant SWISSMARINE wrongfully deducted outstanding hire on account of a deadfreight claim (to which defendant has admitted liability), resulting in $108,064.00 in damages to the plaintiff.

7.      In breach of the Charter Party, defendant SWISSMARINE wrongfully deducted outstanding hire on account of an alleged underperformance claim, resulting in $154,469.35 in damages to the plaintiff.

8.      As a result, plaintiff was entitled to outstanding hire under the terms of the Charter Party.

9.      In breach of the Charter Party, defendant SWISSMARINE failed to pay the full value of bunkers on redelivery of the Vessel, resulting in $30,770.92 in damages to the plaintiff.

10.      Despite due demand, defendant SWISSMARINE wrongfully, and in breach of the

Charter Party, withheld hire and bunkers payments, causing plaintiff to sustain damages and losses stemming from defendant's breach of the Charter Party.

11.    Pursuant to the Charter Party, disputes between plaintiff BRAVEHEART and defendant SWISSMARINE are to be decided by London arbitration.  Plaintiff has demanded arbitration pursuant to the terms of the Charter Party.

12.    Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

13.    Defendant SWISSMARINE cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, but upon information and belief, SWISSMARINE has, or will have during the pendency of this action, tangible or intangible property within this District in the hands of garnishees and thereby subject to the jurisdiction of this Court.

14.    Plaintiff BRAVEHEART hereby demands:

(a) Payment of $293,304.27, as security for the past due hire and bunkers payment(s) a due and owing to plaintiff under the Charter Party;

(b) Payment of $70,553.46, as security to cover interest on the amount in paragraph (a) above as recoverable under English law.  Plaintiff reserves the right to amend the demand herein in the event the amount in paragraph (a) above increases over time; and

(c) Payment of $50,000.00 as security to cover the legal costs in connection with the London arbitration as recoverable under English law.  Plaintiff reserves the right to amend the demand

**Total: $413,857.73**

WHEREFORE, plaintiff BRAVEHEART prays that:

a.      process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendant SWISSMARINE, citing them to appear and answer under oath all and singular the matters alleged;

b.      since defendant cannot be found within this District, plaintiff respectfully requests that this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all of the defendant's tangible or intangible property found in this District or claimed by or being held for, belonging to, due or being transferred to, from, or for the benefit of defendant by any garnishees within this District in the amount of $413,857.73 to secure plaintiff BRAVEHEART's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

c.      this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

d.      judgment be entered by this Court in favor of plaintiff and against defendant enforcing and recognizing any London arbitration award(s) or judgment(s) that may be rendered on the claims set forth herein; and

e.      plaintiff has such other, further, and different relief as this Court may deem just and proper.

Dated: July 8, 2008

> LYONS & FLOOD, LLP
> Attorneys for Plaintiff
> BRAVEHEART NAVIGATION S.A.
>
> By: _____
> Kirk M. Lyons (KL-1568)
> 65 West 36th Street, 7th Floor
> New York, New York 10018
> (212) 594-2400

U:\kmhldocs\2563043\Legal\Amended\Amended Verified Complaint.doc

## <u>VERIFICATION</u>

Kirk M. Lyons, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff BRAVEHEART NAVIGATION S.A. in the within action; I have read the foregoing Amended Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff BRAVEHEART NAVIGATION S.A. is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on:   July 8, 2008

_____
Kirk M. Lyons